IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE LOCKHART. JR. | ) | |
|     Movant, | ) | No. 3:15-CV-3090-G-BH |
| vs. | ) | No. 3:09-CR-0247-N (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the amended *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed September 29, 2015 (doc. 5), should be **DENIED** with prejudice.

**I. BACKGROUND**

Eugene J. Lockhart, Jr. (Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-247-G. The respondent is the United States of America (Government).

**A.**     <u>**Plea and Sentencing**</u>

On March 19, 2013, Movant was charged by third superseding indictment with conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, 1349 (count one), and wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 2, 1343 (count three). (*See* doc. 239.)[1] He pled guilty to count one under a plea agreement on August 12, 2011. (*See* docket entry Aug. 12, 2011; docs. 332, 633.) The supporting factual resume admitted that Movant conspiraced to commit wire fraud and bank fraud involving real estate transactions and

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-247-N.

mortgages. (*See* doc. 330.) The plea agreement stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See id*. at 1.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*.) It set out the range of punishment and penalties, including restitution, and stated if the Court accepted the plea agreement, the sentence would not exceed ten years' imprisonment. (*See id*. at 2.)

According to an addendum to the Presentence Report (PSR) filed on November 14, 2012, which applied the 2012 United States Sentencing Guidelines Manual (USSG), the base offense level was 25. (*See* doc. 597-1 at 5 ¶¶ 43-44.) Four offense levels were added under USSG §3B1.1(a) because Movant was an organizer or leader of a criminal activity that involved five or more persons. (*See id*. at 6, ¶ 46.) Two levels were added under USSG §3B1.3 because he used his special skill as a licensed loan officer to commit the offense and he abused his position of public trust. (*See id*., ¶ 47.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (*See id*., ¶¶ 49-50.) His criminal history category was one, and the resulting guideline range was 78-97 months of imprisonment. (*See id*., ¶ 87.) The PSR addendum calculated restitution for actual losses to victims in the amount of $2,460,079. (*See id*. at 2-5, 7 ¶¶ 38-39, 95.)

At the sentencing hearing on December 12, 2012, the Court granted a downward departure, assessed a sentence of 54 months' imprisonment, and ordered restitution in the amount of $2,436,079. (*See* docs. 633 at 2, 5; 702 at 82-84.) All other counts and indictments were dismissed. (*See* doc. 633 at 1.) Judgment was entered on December 14, 2012 (*see* doc.

633), and on March 26, 2014, an amended judgment was entered that did not alter the sentence or restitution (*see* doc. 727.) Movant's appeal was dismissed for want of prosecution. (*See* doc. 692); *United States v. Lockhart*, No. 12-11276 (5th Cir. Feb. 1, 2013).

B.     **Co-defendants' Appeal of Restitution Order**

Co-defendant Jermaine Frazier, who was also ordered to pay restitution, appealed the restitution order. *United States v. Frazier*, 577 F. App'x 271 (5th Cir. 2014). He argued that according to information discovered during other co-defendants' sentencing hearings, at least some of the loans at issue were sold on the secondary market, and that the Government did not have information on who purchased some of the loans, when, or for how much. *Id*. at 272. The restitution amounts were based solely on outstanding principal balances, however, and failed to account for transactions in secondary mortgage markets or other offsets to lenders' losses. *Id*. The Fifth Circuit agreed that for victims who purchased the mortgages in a secondary mortgage market, the actual loss was the difference between the secondary mortgage purchase price and the foreclosure price, not the difference between the original loan amount and the foreclosure price. *Id*. at 273-74. On August 6, 2014, it vacated the restitution order and remanded the case. *Id*. at 274-75. Other co-defendants' restitution orders were later similarly vacated on appeal, and the cases were remanded. *See United States v. Beachum*, 774 F.3d 267 (5th Cir. 2014).

C.     **Substantive Claims**

Movant raises the following grounds:

(1) The conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge and the

consequences of the plea;[1]

(2) The court abused its discretion when it ordered restitution without requiring the Government to prove the actual loss of any victim in violation of the Mandatory Victim Restitution Act;

(3) An incorrect methodology was used to calculate restitution;

(4) The law of the case should apply; and

(5) The court committed plain error in deciding the restitution amount.

(3:15-CV-3090-G, docs. 5 at 7-8; 5-1 at 1.) Movant asks that the restitution order be vacated. (*Id.*, doc. 5-1 at 14.) He claims that the Government provided him with a re-calculation showing that his restitution would be $1,041,729 under the Fifth Circuit's decisions in *Frazier* and *Beachum* and consistent with the resulting reductions in restitution for the co-defendants. (*See* docs. 12 at 3-4, 12-6.) The Government filed a response to the § 2255 motion on December 31, 2015. (*Id.*, doc. 8.) Movant filed a reply on January 9, 2016. (*Id.*, doc. 9.) The Government filed a sur-reply, and Movant filed a sur-reply. (*Id.*, docs. 10, 11, 15, 16.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

---

[1] Although Movant's first ground appears to present a claim of involuntary plea, he actually argues that his plea did not waive the right to raise a claim about the restitution order in a post-conviction proceeding because any such waiver would have been involuntary. (*See* doc. 5-1 at 4.)

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. STATUTE OF LIMITATIONS

The Goverment contends that Movant's claims are time-barred.[1]

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

---

[1] The Government also argues that Movant's restitution claims are procedurally barred and waived. A court may deny a habeas claim on its merits in lieu of applying a procedural bar. *See Lopez v. United States,* No. EP-13-CV-35, 2013 WL 6813418, at *5 n. 3 (W.D. Tex. Dec. 20, 2013) ("even when a claim may be procedurally barred, a court may nonetheless examine the merits of the claim where, as here, it 'can be resolved more easily by looking past any procedural default.'"), citing *Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir.2004); *Andrade-Castaneda v. United States*, Nos. 3:09-CV-630-P, 2010 WL 27932, at *2 (N.D. Tex. Jan. 5, 2010) ("Because it appears that movant is entitled to no relief on the alleged procedurally barred claims, the Court bypasses this procedural issue and proceeds to the merits of the claims"), citing *Busby*, 359 F.3d at 720.

5

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant argues that the facts supporting his claim did not become known or could not have become known until he was released from prison on May 8, 2015, or until the *Frazier* opinion was docketed in the criminal case on September 2, 2014. The issuance of a court opinion is not a "fact" under section 2255(f)(4) that begins the limitations period. *Martinez v. United States*, No. No. 3:14–CV–1359, 2014 WL 3361748 at *3 (N.D. Tex. July 9, 2014) (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013); *Madaio v. United States*, 397 F. App'x 568. 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.")). The facts supporting his claims were presented at his sentencing hearing. The one-year statute of limitations is therefore calculated from the date his conviction became final.

Movant's conviction became final on May 2, 2013, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct

6

review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also United States v. Franks*, 397 F. App'x 95, 99 (5th Cir. 2010) (when an appeal is dismissed for want of prosecution, the conviction becomes final when the ninety-day period for seeking a writ of certiorari expires). Accordingly, he had until May 2, 2013, to file his federal habeas petition absent any tolling of the statute of limitations. He did not file his current § 2255 motion until August 10, 2015, when he filed a petition for writ of error *coram nobis* and alternative motion to vacate or set aside restitution (3:15-CV-3090-G, doc. 2) that was construed in part as a § 2255 motion (*id.*, doc. 1). The § 2255 motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797

(5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. His § 2255 motion is untimely.

## IV. NONCOGNIZABLE CLAIMS

Movant's claims that his restitution was erroneously calculated in light of *Frazier* and *Beachum* are not cognizable in this § 2255 action. "A challenge to the restitution or fine portion of a sentence is a nonconstitutional issue relative to sentencing that should be raised on direct appeal and not for the first time in a 2255 proceeding." Campbell v. United States, 330 F. App'x 482, 482-83 (5th Cir. 2009). "A district court lacks jurisdiction to modify [a] restitution order under 2255, a writ of *coram nobis*, or 'any other federal law.'" *Id*. at 483 (quoting *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999)).

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 8th day of August, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE